FAATAMALA TUIA (MUAGUTUTI'A), Appellant

v.

MAX HALECK, JR., Appellee

No. 22-1963

High Court of American Samoa

Civil Jurisdiction, Appellate Division

June 6, 1963

Faatamala Tuia, *pro se*.
Lolo, counsel for Max Haleck, Jr.

MORROW, *Chief Justice.*

This is an appeal from a judgment of the Trial Division for $1664.50 recovered by the appellee against the appellant in a motor vehicle collision case. In this opinion the appellant will be referred to as the defendant and the appellee as the plaintiff, as they were in the trial court.

The record shows that the defendant had a truck driven for him in his business by one Enosa at the defendant's request, which truck collided with the plaintiff's taxi driven by one Eti, a taxi driver for the plaintiff, with the result that the taxi was badly damaged. The collision occurred about August 7, 1962, between Faganeanea and Nu'uuli.

■ The evidence was to the effect that the defendant's driver was cutting a curve and was about five feet over on the taxi driver's half of the road when the accident occurred. The necessary finding of fact by the trial court that the proximate cause of the accident was the negligence of the defendant's driver was clearly not error.

■ Before proceeding to the grounds of appeal, we quote the applicable part of Section 3.0503 of the Code, 1961, prescribing the powers of the Appellate Division on appeal:

"The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just.

"The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless *clearly erroneous* (emphasis added). . . ."

■ The first ground of appeal is "That the High Court was misled by the Respondent in relationship to the damages of the taxi." This assignment of error is not sufficient in that it does not specify the particulars wherein

the Court was misled. It is clearly the law that "An assignment of error that the evidence was not sufficient to support the decision must show the particulars in which it is insufficient." 5 American Jurisprudence 2d., Tit. Appeal and Error, Sec. 671 at p. 119.

Nevertheless, in order to avoid any possible injustice to the defendant, we shall consider, although we are not required to do so, wherein the defendant claimed that the trial court was misled by the plaintiff's testimony. The defendant in his argument claimed that the plaintiff's gross receipts for the taxi, excluding the cost of gasoline paid for from gross receipts, aggregated $250 a month while the expenses of operation, likewise excluding the cost of gasoline, totaled $92.10 a month, itemized as follows: $72.50 for the driver's salary, $2.50 for oil, $10.50 for servicing and $6.60 for spark plugs, thereby leaving a monthly profit of $250 less $92.10 or $157.90. To establish that the Court was misled, the defendant cites the plaintiff's testimony to the effect that his monthly profit was only $150.00.

We point out that if the Court was misled in considering that the monthly profit was only $150, as testified to by the plaintiff, instead of $157.90 as claimed by the defendant in his argument on appeal, it would follow that the trial court made an error of $7.90 per month in favor of the defendant during the period that the plaintiff was entitled to have profits from the taxi considered and that the judgment should have been for more than the $1664.50.

Since the plaintiff has not appealed, we will not modify the judgment by increasing it so as to reflect the additional $7.90 a month, which the defendant in his argument claimed that the Court did not consider through being misled by the plaintiff's testimony that his profit was only $150 a month. The error, if any, was in favor of the defendant. It was, therefore, not prejudicial to him. That

the judgment against the defendant was not as large as it should have been is hardly ground for reversal upon an appeal by the defendant.

The defendant in his argument claimed that the plaintiff was not qualified to testify as to the damages to the taxi and to the salvage value of the various parts that could be salvaged, because he had not been to a "mechanical school." However, we think that the record shows that the plaintiff was qualified. He has 26 motor vehicles, buses and taxis together. He is an auto mechanic and can take cars apart and repair them. He has a garage where he has his buses and taxis serviced. He has been in the bus and taxi business for some years and, of necessity, has had to purchase many parts as well as keep parts on hand. He has repaired cars himself. He has purchased many buses and taxis. Through experience he was certainly qualified to give the testimony he did to the effect that the taxi was so badly wrecked that it was a total loss except for salvage purposes.

█ We think that the trial court did not commit error when it received the plaintiff's testimony and considered it in reaching its decision. It is not necessary to attend a mechanical school in order to learn what a fender or a door and other parts going into a car sell for.

Certainly the Court's conclusion as to the amount of damage suffered by the plaintiff as a result of the defendant's driver's negligence was not clearly erroneous. That was a matter of fact and there was substantial evidence in the record to support the Court's finding.

█ In accordance with the statute above quoted, we cannot reverse the judgment on a finding of fact unless it is "clearly erroneous." The finding as to the damage is well substantiated by the evidence in the record. The finding was not "clearly erroneous."

The second ground of appeal is "That the Court failed to view the place of the accident and damages incurred by the car involved in the accident." Viewing the road where the accident occurred and the damaged taxi was purely discretionary with the Court. There was no error here. Certainly it was not error to fail to view a highway at the place where an accident had occurred more than three months previously and from which the taxi and truck had been removed. Also, it was not error not to view the damaged taxi. Exhibit No. 1, a large photograph which the Court saw, showed the taxi and truck on the highway just after the accident. The picture showed the highway and the two vehicles.

The third ground of appeal is "That American Samoa does not have Public Liability and Damage Insurance." Whether that is true or not is immaterial. Conceding that it is true, it does not follow that the defendant is not liable to compensate the plaintiff for the damage incurred by the plaintiff as a result of the negligence of the defendant's driver.

The defendant as a fourth ground of appeal states that "Other or further evidence will be presented before or during the time of the hearing." Suffice it to say that no such evidence was introduced, even if it had been admissible on appeal, which it was not. The function of the appellate court, in a damage case such as this, is not to take evidence but to determine whether the grounds of appeal are meritorious. True, the defendant did say in his argument on the appeal that 90% of the damaged taxi could be salvaged. However, the plaintiff offered no evidence to substantiate such claim. Such statement was hearsay. Counsel for the plaintiff countered with the statement that only 20% could be salvaged. His statement was likewise hearsay.

893

We find no merit in the grounds of appeal. There is abundant evidence in the record to support the finding of the Court that the proximate cause of the accident was the negligence of the defendant's driver and that as a result of such negligence the plaintiff's damage was $1664.50. The findings of fact were not clearly erroneous.

Accordingly, the judgment of the trial court must be and it is hereby AFFIRMED.

Costs in the amount of $3.00 are hereby assessed against the appellant Faatamala Tuia (Muagututi'a), the same to be paid within 15 days.